**KROHN–HITE CORPORATION,**
Plaintiff,

v.

**Normand H. BERUBE et al., Defendants.**

**Civ. A. No. 73–2925–G.**

United States District Court,
D. Massachusetts.

March 7, 1974.

---

violation of its civil rights under color of state law. 42 U.S.C. § 1983; 28 U.S.C. § 2201. Jurisdiction rests upon 28 U.S.C. § 1343(3) and (4). Plaintiff challenged the constitutionality of the ex parte granting of a temporary restraining order, which had the practical effect of an attachment of its bank account, by the state court purportedly pursuant to Mass.G.L. c. 214, §§ 3(7) and 9. Plaintiff asserted that the denial of notice and hearing deprived it of due process of law as guaranteed by the Fourteenth Amendment. Fuentes v. Shevin, 1972, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556; Bay State Harness Racing & Breeding Ass'n, Inc. v. PPG Industries, Inc., D.Mass.1973, 365 F.Supp. 1299; Schneider v. Margossian, D.Mass.1972, 349 F.Supp. 741. Before this suit was filed, a hearing with notice was held in the state court and the restraining order was continued.[1] In this court, the court denied defendants' motions to dismiss and to abstain. Thereafter, upon the basis of stipulations of undisputed facts, the court heard the parties' cross-motions for summary judgment.

The question presented is a narrow one. The plaintiff does not challenge the constitutionality of the relevant Massachusetts statute. Rather it contends that the defendant in seeking ex parte relief in the state court neither alleged irreparable harm nor facts constituting irreparable harm; and that therefore the state court lacked a constitutionally valid basis for granting ex parte relief and deprived it of the use of its bank account without due process of law.

In view of the plaintiff's allegations we begin from the premise that if the Massachusetts statute was complied with no constitutional question is presented. The parties have stipulated that cross-motions for summary judgment be decided on the basis of the state court pleadings. Our first task then is to compare the Massachusetts statute with

Kirk S. Giffen, Boston, Mass., for plaintiff.

George Goldstein, Cambridge, Mass., for County Bank, N.A.

Reginald H. Howe, Palmer & Dodge, Boston, Mass., for Normand Berube.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

Plaintiff in this action sought injunctive and declaratory relief for an alleged

---

[1]. The temporary restraining order issued May 1, 1973; the interlocutory decree continuing the restraining order after notice and hearing issued May 8, 1973; the instant case was filed on August 28, 1973.

the pleadings in that case and determine whether any noncompliance with that statute constituted a constitutional violation. Mass.G.L. c. 214, § 9 provides that

> No temporary restraining order shall be granted without notice to the opposite party, *unless it shall clearly appear from specific facts, shown by affidavit or by the verified bill*, that immediate and irreparable loss or damage will result to the applicant before the matter can be heard on notice (emphasis added).

The defendant's bill in the state court asserted no more than the facts underlying the defendant's claim against the plaintiff and that the plaintiff had substantial funds on deposit in a bank. The attachments to the complaint in the state court related only to the merits of the defendant's claim. There were neither affidavits presented nor specific facts recited in the bill touching upon "immediate or irreparable harm."

■ At the hearing before us defendant's counsel argued that the bill of complaint in the state court need only present facts from which immediate harm can be inferred. Assuming for the moment that this would satisfy the statute, we find no such facts. The only possible basis for such an inference would be the allegation in the bill that the defendant's assets were very liquid —in this case cash. The defendant in the instant case would have us hold that an allegation in a bill that a defendant has cash at hand would alone provide a basis for the conclusion that irreparable harm will result without ex parte relief and justify the absence of notice and hearing. We disagree.

■ Federal law requires that "except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hear-

ing until after the event" a hearing with notice precede the deprivation of a person's property. Fuentes v. Shevin, *supra*, 407 U.S. at 82, 92 S.Ct. 1983 (citations omitted). This is not to say that federal law does not recognize exceptions to this general rule. The Supreme Court has pointed out, at 93, 92 S.Ct. at 2000, that

> There may be cases in which a creditor could make a *showing* of immediate danger that a debtor will destroy or conceal disputed goods. But the statutes before us are not "narrowly drawn to any such unusual condition." Sniadach v. Family Finance Corp. [395 U.S. 337, 89 S.Ct. 1820, 23 L. Ed.2d 349], . . . And no such unusual situation is presented by the facts of these cases (emphasis added).

See also Bay State Harness, *supra*, 365 F.Supp. at 1306; Schneider v. Margossian, *supra*, 349 F.Supp. at 744. But whatever the parameters of the exceptions to the requirements of prior notice and hearing, this case is not within those circumstances. The constitutional rights of the plaintiff in this case were clearly violated.

■ The question of relief is more problematical. Clearly the plaintiff is entitled to declaratory relief and a declaratory judgment will be entered. Plaintiff's prayer for an injunction is denied becuase it obtained the procedural due process to which it was entitled in the state court before the instant action was commenced.[2] Since injunctive relief is no longer appropriate we make plaintiff an equitable award of the value of the use of its funds which were attached, excluding the liability it conceded, for the period of time the ex parte restraining order was outstanding. The award, at 6% for seven days on $15,000, amounts to $15.

2. The plaintiff originally also sought injunctive relief against the continuation of the restraining order after notice and hearing, contending that the interlocutory decree after notice and hearing was also illegal. Plaintiff has not pressed that claim, which we would reject. Of course a different question would be presented if plaintiffs generally in the state courts should make a general practice of seeking ex parte restraining orders equivalent to attachments without complying with Mass.G.L. c. 214, § 9.